UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

:
:
:
UNITED STATES OF AMERICA,                         :
:          **OPINION AND ORDER**
:          **DENYING**
-against-                                  :          **DEFENDANT'S MOTION**
:          **TO DISMISS**
:
BENNIE GRAY,                                       :          3:24-CR-213 (VDO)
:
*Defendant*.            :
:
x

----------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Defendant Bennie Gray, proceeding *pro se* with the assistance of standby counsel, has

filed a motion to dismiss the indictment in this criminal action with prejudice. The operative

indictment charges one count of possession with intent to distribute fentanyl and cocaine in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[1] This case arises out of a traffic stop,

and Gray avers that he has not been provided dashcam footage from the car of the officer who

pulled him over.[2] He argues that two factual disputes could be resolved by this footage: (1)

whether Gray actually failed to signal two turns, which the officer who pulled him over claims

prompted the stop, and (2) whether the passenger in Gray's vehicle opened the front passenger-

side door as the officer approached his stopped car.[3]

---

[1] Indictment, ECF No. 1 at 1 ¶ 1.

[2] *See generally* Mot. to Dismiss, ECF No. 90.

[3] *Id.* at 1-2.

Gray states that he has requested that the Government provide him with any dashcam footage from the stop that exists, but has not yet received that footage.[4] He argues that this mandates the dismissal of this action because the Government's failure to provide this footage violates Connecticut law, the Connecticut Constitution, and the Due Process Clause of the Fourteenth Amendment.[5] He states that "[t]he Government and its agents are withholding exculpatory/material evidence or the police failed to preserve evidence."[6]

First, Gray's state law claims cannot provide recourse in this federal action. Even assuming that state law enforcement had violated both Gray's rights under the Connecticut constitution and Connecticut statutory law, and had done so in a manner that would mandate the dismissal of a state prosecution, failure to comply with state law could not, in and of itself, require the dismissal of a federal criminal action. That is because Connecticut is an inferior sovereign to the United States, *see* U.S. Const. Art. 6, cl. 2, and Connecticut law cannot supersede federal law. As a result, "federal law governs [a] federal criminal prosecution, including any questions relating to the lawfulness of the searches conducted." *United States v. Bethea*, 388 F. App'x 20, 21 n.2 (2d Cir. 2010) (citing *United States v. Rommy*, 506 F.3d 108, 129 (2d Cir. 2007)). Further, "a state's failure to comply with its own law is not a federal

---

[4] *Id.* at 2.

[5] *Id.* Gray's motion invokes the Due Process Clause of the Fourteenth Amendment, which applies only to states and does not bind the federal government. *D.C. v. Carter*, 409 U.S. 418, 423-24 (1973). Nonetheless, so that Gray's argument raises a cognizable claim in this federal action, the Court—mindful of its obligation to afford "special solicitude" to the arguments of *pro se* litigants, *see Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023)—construes this argument as an invocation of the Due Process Clause of the Fifth Amendment, which does apply to the federal government. U.S. Const. Amend. 5.; *Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 47 (E.D.N.Y. 2017).

[6] Mot. to Dismiss at 2.

due[]process violation." *Vargas v. Cook Cnty. Sheriff's Merit Bd.*, 952 F.3d 871, 874–75 (7th Cir. 2020); *see also United States v. Delaporte*, 42 F.3d 1118 (7th Cir. 1994) (the violation of state law by state law enforcement agents could not, in and of itself, require the suppression of evidence in a federal prosecution). Because federal law governs this case, state law cannot provide the basis for the dismissal of the indictment and Gray's motion to dismiss the charges against him is denied to the extent that it relies on state law.

On the other hand, the Supreme Court has been clear that the withholding of material, exculpatory evidence is a violation of a defendant's due process rights. *Brady v. Maryland*, 373 U.S. 83, 91 (1963). Gray alleges that the failure to provide dashcam footage represents the withholding of exculpatory evidence. But, simply put, even assuming that this footage exists and that the Government had failed to turn that footage over, this is far too early in the action for Gray to raise a cognizable *Brady* claim.

*Brady* concerns the fairness of a defendant's trial or ability to consider whether to enter a plea of guilty and does not create a "general constitutional right to discovery." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). "Although there is no precise deadline for when the government is required to disclose *Brady* and *Giglio* material, [the Second Circuit has] held that *Brady* requires disclosure in time for its effective use at trial," *United States v. Sezanayev*, No. 17-CR-262 (LGS), 2018 WL 2324077, at *9 (S.D.N.Y. May 22, 2018) (quotations omitted) (citing *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008)), or, courts have generally held, such material must be provided in time to be used "at a plea proceeding," *United States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001) (collecting cases).

Gray has entered a plea of not guilty in this action,[7] and thus has not been denied the use of exculpatory evidence before pleading guilty. Nor has he been denied the effective use of exculpatory evidence at trial, because his trial is months away. Therefore, Gray's constitutional right to due process of law has not been violated through the withholding of exculpatory evidence, and his motion to dismiss the indictment on those grounds is denied at this time. If the action progresses to such a point where Gray is deprived of the use of exculpatory information in one of these settings, he may refile his motion.

**SO ORDERED.**

Hartford, Connecticut
May 6, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[7] ECF No. 13.

4